IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GREGORY MARSHALL**, | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 12cv2188 |
| **GARY D MAYNARD,** *et al.*, | * |
| Defendants. | * |

### MEMORANDUM OPINION AND ORDER

On July 23, 2012, Gregory Marshall, presently confined at Western Correctional Institution ("WCI"), filed a civil rights action complaining that Maryland Division of Correction ("DOC") personnel failed to transport him to the closest emergency room after he swallowed razor blades on July 28, 2011, while awaiting proceedings at the Baltimore City District Court, instead opting to return him to WCI for any necessary medical treatment. Marshall seeks injunctive relief mandating he be taken to a hospital emergency room should the situation arise again. In addition to filing a complaint, Marshall moves for indigency status.

Marshall's claim is precluded under the Prison Litigation Reform Act ("PLRA"), which codified 28 U.S.C. § 1915 (e), which mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions in forma

pauperis, absent extraordinary circumstances.[1]  *See* 28 U.S.C. § 1915(g).

Marshall has three previous "strikes."[2]  The claim set forth in the instant Complaint does not present extraordinary circumstances or imminent danger of serious physical injury.  The case shall be dismissed and indigency status denied.  Accordingly, it is this 30th day of July, 2012, by the United States District Court for the District of Maryland

**ORDERED**, that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **DENIED**; and it is further

**ORDERED**, that the case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g); and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk is directed to mail a copy of this Memorandum Opinion and Order to the Plaintiff.


_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] Of course, this provision does not preclude an inmate from prepaying the full $350.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

[2] *See Marshall v. Lanham*, Civil Action No. AW-97-990 (D. Md. 1997); *Marshall v. Correctional Center of Howard County,* Civil Action No. AW-97-2536 (D. Md. 1997); *Marshall v. Kemmerer*. Civil Action No. AW-02-2133 (D. Md. 2003).